IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERALD KINER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-cv-2435-SHL-atc |
| | ) |
| SHELBY COUNTY GOVERNMENT and | ) |
| JOHN/JANE DOES 1–10, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION FOR DENIAL OF INJUNCTIVE RELIEF
AND TO GRANT DEFENDANT'S MOTION TO DISMISS
AND ORDER DENYING PENDING MOTIONS**

Before the Court by Order of Reference[1] is Plaintiff Gerald Kiner's Emergency Motion for Injunctive Relief, filed on June 13, 2025.[2] (ECF No. 15.) Defendant Shelby County Government ("the County") responded in opposition on June 26, 2025. (ECF No. 18.) Also before the Court is the County's Motion to Dismiss, filed on June 16, 2025. (ECF No. 17.) The Court is unable to determine which of Kiner's myriad filings he intends to be his formal

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

[2] A motion for a preliminary injunction is considered a dispositive motion and thus requires disposition by report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A), (B); *Vogel v. U.S. Off. Prod. Co.*, 258 F.3d 509, 514 (6th Cir. 2001) ("Pretrial matters that a magistrate judge is precluded from 'determining' pursuant to § 636(b)(1)(A) are called 'dispositive' because they are 'dispositive of a claim or defense of a party.'" (citing Fed. R. Civ. P. 72)). Kiner also filed two substantively similar motions for injunctive relief on October 24, 2025. (ECF Nos. 39, 40.) The analysis below applies equally to all three motions for injunctive relief.

response(s) to the County's Motion, as he opposes the grounds of the County's Motion in at least twenty separate filings.[3]  (*See* ECF Nos. 20, 21, 22–32, 34, 37–42.)

For the reasons below, it is recommended that Kiner's motions for injunctive relief (ECF Nos. 15, 39, 40) be denied, that the County's Motion to Dismiss (ECF No. 17) be granted, and that this case be dismissed for lack of standing.

## **REPORT AND RECOMMENDATION**

### I.   **Proposed Findings of Fact**

Kiner filed his original Complaint on April 21, 2025 (ECF No. 2), and, on June 2, 2025, his First Amended Complaint (ECF No. 14).  He then submitted his Second Amended Complaint on June 13, 2025, which was docketed by the Clerk's Office on June 16, 2025.  (ECF No. 16.)  Also on June 16, 2025, the County filed its Motion to Dismiss, which was directed at Kiner's

---

[3] Many of Kiner's filings subsequent to the County's Motion take the form of notices concerning alleged misconduct by the County, both in general and with respect to him.  Specifically, Kiner contends that the County's alleged actions in this case are directly related to his claims brought in *Kiner v. Shelby County Government*, Case No. 2:25-cv-02622-TLP-atc, which is also pending before the undersigned.  For example, in his September 19, 2025 notice, Kiner states that the "Daughters of Zion (DOZ) was the highest-ranked proposer under RFP 25-004-37, yet the County awarded the contract to a higher-priced, lower-ranked propos[al]."  (ECF No. 24, at 1.)  Then, in his September 24, 2025 notice, he states that "[t]his theft of DOZ's contract was not a mistake but part of a pattern of arbitrary, retaliatory, and unconstitutional practices that continues unabated because Shelby County Government does not fear court oversight" and that he seeks injunctive relief in this case related to both the DOZ contract and a proposal related to another of his organizations, From the Streets to Wall Street Foundation ("the Streets Foundation").  (ECF No. 16, at 2–4.)  Then, in his October 29, 2025 notice, Kiner states that this case and Case No. 2:25-cv-02622-TLP-atc are "related" and involve "overlapping" defendants and issues.  (ECF No. 41, at 2.)  The Court will consider Kiner's filings subsequent to the County's Motion to Dismiss in this case, as well as his filings in Case No. 2:25-cv-02622-TLP-atc, for purposes of this Report and Recommendation.  *See Harper v. Shelby Cnty. Gov't*, No. 2:15-cv-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein.").

2

First Amended Complaint.  (ECF No. 17.)  The County then filed a Motion to Strike the Second Amended Complaint on June 26, 2025, arguing that Kiner was required to seek leave to file his Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a), because he had already amended his Complaint once.  (ECF No. 19.)  Though the County is correct that Kiner's Second Amended Complaint violates Rule 15(a), the Second Amended Complaint merely expounds upon his factual allegations from the prior two Complaint and does not change his causes of action or the nature of his claims.  (*Compare* ECF Nos. 2, 14, 16.)  More to the point, the grounds for dismissal addressed in the County's Motion to Dismiss apply equally to all three versions of Kiner's Complaints.  In the interests of efficiency and judicial economy, the Court will consider and cite primarily to Kiner's Second Amended Complaint herein.

      Kiner brings claims for violations of 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 ("RICO"), against the County relating to the County's rejection of his organization's grant bids.  (ECF No. 16, at 3–6.)  Specially, his claims arise from the County's rejection of proposals that Kiner submitted on behalf of the Streets Foundation to the County's Racial Equity Ad Hoc Committee (*id.* at 8; ECF No. 16-2, at 7–8) and on behalf of DOZ to the County's Community Violence Intervention and Prevention Services Committee (ECF Nos. 24, 29, 41).  Kiner contends that, although his organizations' bids were superior to those of other organizations—specifically, in this case, the Streets Foundation's bid "offer[ed] to serve ten times more beneficiaries at the same or lower cost—the County instead awarded grants and contracts "through a noncompetitive, nontransparent process [that] was also racially and politically exclusionary by design and execution."  (ECF No. 16, at 2.)  Kiner seeks compensatory and punitive damages he allegedly suffered while pursuing grant bids on behalf of his organizations.  (*Id.* at 32.)  He also seeks various forms of injunctive

3

relief, such as unwinding and reallocating the grant awarded by the County's Racial Equity Ad Hoc Committee that the Streets Foundation lost (*id.* at 34–36) and by the County's Community Violence Intervention and Prevention Services Committee that DOZ lost (ECF No. 29, at 4).

## II.     Proposed Conclusions of Law

### A.     Standards of Review

#### 1.     *Rule 12(b)(1)*

"A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Yovo v. U.S. Citizenship & Immigr. Servs.*, No. 2:23-cv-02329-JTF-tmp, 2023 WL 8654438, at *1 (W.D. Tenn. Dec. 14, 2023). "When a defendant attacks subject matter jurisdiction under Rule 12(b)(1), the plaintiff must meet the burden of proving jurisdiction." *Id.* (quoting *Cline v. United States*, 13 F. Supp. 3d 868, 870 (M.D. Tenn. Apr. 7, 2014)). "A complaint is subject to dismissal under Rule 12(b)(1) if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction." *Nesselrode v. Sec'y of U.S. Dep't of Educ.*, No. 17-4206, 2018 WL 6975166, at *2 (6th Cir. June 18, 2018).

"Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed." *Woodson v. Woodson*, No. 2:22-mc-00003-TLP-tmp, 2022 WL 16985602, at *2 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)). "Even so, pro s[e] litigants must adhere to the Federal Rules of Civil Procedure, . . . and the court cannot create a claim that has not been spelled out in a pleading." *Id.* (citations omitted). "A district court may, at any time, *sua sponte* dismiss a complaint for

4

lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

        2.    *Standing*

"The U.S. Constitution limits the exercise of federal judicial power to live cases and controversies." *Birchfield v. Tennessee*, No. 3:23-cv-252, 2023 WL 5978203, at *2 (E.D. Tenn. Aug. 28, 2023), *report and recommendation adopted*, 2023 WL 5963781 (E.D. Tenn. Sep. 13, 2023) (quoting *Reynolds v. Talberg*, No. 1:18-cv-69, 2020 WL 6375396, at *2 (W.D. Mich. Oct. 30, 2020)). "This means that the court can only hear cases that are justiciable, and '[a] critical component of justiciability is standing.'" *Id.* (quoting *Reynolds*, 2020 WL 6375396, at *2); *see also Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019) ("Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy." (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); U.S. Const. art. III, § 2)); *see also Loren v. Blue Cross & Blue Shield of Mich.*, 505, F.3d 598, 607 (6th Cir. 2007) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised sua sponte.") (citation omitted).

"It is Plaintiff's burden to establish standing." *Birchfield*, 2023 WL 5978203, at *2 (citing *Bradley v. United States*, 402 F. Supp. 3d 398, 403 (N.D. Ohio 2019)). "In order to have standing, a plaintiff's injury must be (1) 'concrete and particularized,' and (2) 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 (1992)) (cleaned up). "In other words, a 'generalized grievance' is not sufficient." *Id.* (quoting *Reynolds*, 2020 WL 6375396, at *2); *see also Hudson v. Dep't of Treasury*, No. 1:21-cv-392,

5

2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021) (dismissing the case for, among other things, lack of standing because "Plaintiff utterly fails to allege that he has suffered or will suffer an actual injury if the Court declines to address his claim"). "[A] generalized grievance based on the heavy hand of the government is not a cognizable injury." *Norton v. Beasley*, No. 21-6053, 2022 WL 17348385, at *8 (6th Cir. Dec. 1, 2022) (citing *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013), for the proposition that "[a] 'generalized grievance,' no matter how sincere, is insufficient to confer standing"; *Glennborough Homeowners Ass'n v. U.S. Postal Serv.*, 21 F.4th 410, 415 (6th Cir. 2021), for the proposition that "mental displeasure with government action 'falls well short of a concrete harm needed to establish Article III standing'"; and *Ass'n of Am. Physicians & Surgeons v. U.S. Food & Drug Admin.*, 13 F.4th 531, 537 (6th Cir. 2021), for the proposition that "'disagreement' with government action 'is not an injury, no matter how "sharp and acrimonious" it may be'").

        3.    *Injunctive Relief*

"A preliminary injunction is an 'extraordinary remedy,' not a matter of right." *Patel v. Glenn*, No. 21-3499, 2022 WL 16647974, at *3 (6th Cir. Nov. 3, 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). "Preliminary injunctions that alter the status quo are specifically disfavored." *Eads v. Tennessee*, No. 1:18-cv-00042, 2019 WL 2443125, at *1 (M.D. Tenn. June 12, 2019) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005)).

"To secure a preliminary injunction, a plaintiff 'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

6

the balance of equities tips in his favor, and that an injunction is in the public interest.'" *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 874 (6th Cir. Apr. 14, 2025) (quoting *Winter*, 555 U.S. at 20). "Because a preliminary injunction 'is an extraordinary equitable remedy that is never awarded as of right,' the plaintiff must make a 'clear showing' that these factors favor him." *Id.* (quoting *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024)); *see also Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion, for example."). The factors are balanced against each other, and proving all four is not necessary to secure a preliminary injunction. *United Food & Com. Workers Union, Loc. 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir. 1998)).

Notwithstanding that balancing, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citing *Mich. St. AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997)). "The Sixth Circuit has stated that the district court need not 'make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue.'" *Doe v. Rhodes Coll.*, No. 2:16-cv-02308-JTF-tmp, 2016 WL 11611619, at *4 (W.D. Tenn. Oct. 25, 2016) (quoting *Jones v. City of Monroe, Mich.*, 341 F.3d 474, 476 (6th Cir. 2003)); *see also Bleavins v. O'Neal*, No. 2:22-cv-02178-TLP-cgc, 2022 WL 885176, at *6 (W.D. Tenn. Mar. 24, 2022) (denying motions for injunctive relief for having no chance of success on the merits because "[t]he Court . . . lacks jurisdiction to even entertain Plaintiffs' claims").

"[W]here facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue, an evidentiary hearing must be held. [However,]

7

where material facts are not in dispute, or where facts in dispute are not material to the preliminary injunction sought, district courts generally need not hold an evidentiary hearing." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1312–13 (11th Cir. 1998)); *see also Harris v. Wells Fargo Bank, N.A.*, No. 2:18-cv-2400-JPM-dkv, 2018 WL 4896727, at *1 (W.D. Tenn. Oct. 9, 2018) ("A preliminary injunction may be granted based on less formal procedures and on less extensive evidence than in a trial on the merits, but if there are genuine issues of material fact raised in opposition to a motion for a preliminary injunction, an evidentiary hearing is required." (quoting *Cobell v. Norton*, 391 F.3d 251, 261 (D.C. Cir. 2004))).

B.   Lack of Standing

In its Motion, the County asserts that Kiner "has no standing to bring claims on behalf of his non-profit organization" and that "any alleged injury that may have occurred as a result of the actions of the Racial Equity Ad Hoc Committee was suffered, not by Plaintiff but, by [the Streets Foundation]." (ECF No. 17, at 4–6.)  Kiner contends that he brings this case on his own behalf because the County discriminated against him personally by way of the bidding processes that his organizations lost, despite the quality of his organizations' bids and his status as "a qualified nonprofit leader and longtime community advocate." (ECF No. 16, at 8; *see also* ECF Nos. 24, 29, 41.)

The various iterations of the Complaint (ECF Nos. 2, 14, 16) and Kiner's various subsequent notices and requests for injunctive relief (*see, e.g.*, ECF Nos. 24, 29, 41) make clear that the harms alleged do not belong to Kiner in his individual capacity.  Kiner's allegations concern purported injuries suffered by his organizations, the Streets Foundation and DOZ.

Under well-settled Sixth Circuit law, a plaintiff may not assert claims based solely on injuries sustained by an organization unless he can demonstrate an injury separate from that of the entity itself. *See Kiner v. Shelby Cnty. Gov't*, No. 2:24-cv-028644-JPM-tmp, 2025 WL 1927693, at *7 (W.D. Tenn. July 14, 2025) (citations omitted).

      Kiner has not alleged any injury that is personal to him and independent of the alleged injuries to his organizations. In an effort to establish a distinct and personal injury, Kiner makes conclusory allegations that he suffered "not only economic harm but also severe emotional distress, humiliation, reputational harm, and loss of public trust" as a result of the bidding processes that his organizations lost. (ECF No. 16, at 32.) "Despite Kiner's attempts to cast the lost opportunity as the County excluding him from the procurement process and causing him financial harm and reputational damage, 'those injuries are not "separate and distinct" from those suffered by' Daughters of Zion." *Kiner*, 2025 WL 1927693, at *7 (citing *Club Xtreme, Inc. v. City of Wayne*, No. 07-15308, 2010 WL 1626415, at *5 (E.D. Mich. Apr. 21, 2010)). This point is further emphasized by the fact that much of the relief Kiner seeks would unwind and reallocate the grant awarded by the County's Racial Equity Ad Hoc Committee that the Streets Foundation lost (ECF No. 16, at 34–36) and by the County's Community Violence Intervention and Prevention Services Committee that DOZ lost (ECF No. 29, at 4), rather than result in compensation to Kiner personally. Any alleged harm arising from the County's grant-making decision process would be harm to his organizations, and Kiner has failed to assert an injury separate and distinct from them.

      Nor may Kiner prosecute claims on behalf of the organizations in his own name. *See Thomas v. Better Bus. Bureau, of Mid-S.*, 79 F. App'x 748, 748 (6th Cir. 2003) ("[A]n action to redress injuries by a corporation cannot be maintained by an owner in [their] own name." (citing

9

*Canderm Pharm, Ltd. v. Elder Pharms., Inc.*, 862 F.2d 597, 602–03 (6th Cir. 1988))). Even if Kiner is the organizations' founder and spokesperson, he lacks standing to assert their rights. Moreover, to the extent Kiner seeks to represent the Streets Foundation or DOZ in this litigation, he may not do so as a non-attorney. *See Kiner*, 2025 WL 1927693, at *7 (noting that "Kiner would not be allowed to prosecute claims on behalf of Daughters of Zion as a non-attorney").

Because Kiner's claims are predicated on alleged harms to his organizations—and not on any concrete and particularized injury suffered by Kiner himself—he lacks standing to bring this case, and it is recommended that his motions for injunctive relief be denied and that his claims be dismissed for lack of subject-matter jurisdiction. Because the Court recommends dismissal for lack of subject-matter jurisdiction, it declines to address the remainder of the County's arguments in the Motion to Dismiss. *See id.* at *6 (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230 (1990)) (not reaching the petitioners' statutory challenges where they failed to establish standing).

### IV. Recommendation

For the reasons set forth above, it is recommended that Kiner's motions for injunctive relief (ECF Nos. 15, 39, 40) be denied, that the County's Motion to Dismiss (ECF No. 17) be granted, and that this case be dismissed in its entirety.

### ORDER DENYING REMAINING MOTIONS

In light of the recommendation above, the County's Motion to Strike (ECF No. 19) and Motion to Stay (ECF No. 33) are DENIED without prejudice as moot. If necessary, these Motions may be renewed after the resolution of this Report and Recommendation.

## CONCLUSION

For the foregoing reasons, it is recommended that Kiner's motions for injunctive relief be denied, that the County's Motion to Dismiss be granted, and that this case be dismissed for lack of subject matter jurisdiction. The County's Motion to Strike and Motion to Stay are DENIED without prejudice as moot.

Respectfully submitted this 27th day of January, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver/forfeiture of objections, exceptions, and further appeal.