IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GERALD KINER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:25-cv-02435-SHL-atc |
| SHELBY COUNTY GOVERNMENT, and JANE/JOHN DOES 1–10, | ) ) ) ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR LACK OF STANDING**

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation ("R&R"), filed January 27, 2026. (ECF No. 44.) The R&R recommends that the Court grant Defendant Shelby County's (the "County") Motion to Dismiss (ECF No. 17), filed on June 16, 2025, and dismiss Plaintiff Gerald Kiner's pro se complaint for lack of standing. (ECF No. 44 at PageID 1719.) The R&R also recommends denial of Kiner's motions for injunctive relief (ECF No. 44 at PageID 1719 (citing ECF Nos. 15, 39, 40).) Kiner timely objected to the R&R on February 6, 2026. (ECF No. 48.)

For the reasons stated below, the Court **ADOPTS** the R&R, **GRANTS** the County's Motion to Dismiss, **DISMISSES** Kiner's complaint **WITHOUT PREJUDICE**, and **DENIES** Kiner's motions for injunctive relief.

I.   **BACKGROUND**

The facts underlying the Second Amended Complaint are accepted as true for the purposes of ruling on the R&R and the County's Motion to Dismiss (ECF No. 17.) At some point before June 2024, Kiner submitted two grant proposals to committees of the County: one to

the Racial Equity Ad Hoc Committee on behalf of From the Streets to Wall Street Foundation ("the Streets Foundation"), and another to the Community Violence Intervention and Prevention Services Committee on behalf of Daughters of Zion ("DOZ"). (ECF Nos. 16 at PageID 855–60; 24 at PageID 1360–61; 29 at PageID 1425.)

In June 2024, both Committees denied grant bids submitted to them. Kiner alleges that the Committees awarded grants and contracts to other organizations, "through a noncompetitive, nontransparent process [that] was also racially and politically exclusionary by design and execution." (ECF No. 16 at PageID 854.) The six bid winners "were Black-led organizations hand-selected without public notice, open competition, or scoring rubric, while no white contractors were given any opportunity to compete—despite the availability of qualified white and nonpolitically connected Black nonprofit leaders." (Id.) Kiner alleges that he is "a Black contractor, and Republican candidate for Shelby County mayor," implying that the denial of his organizations' bids was racially discriminatory. (Id. ("Like the state agency in Ames, Shelby County Government used raced-based justifications to shield a fundamentally corrupt process. But here, the discrimination went even further: not just white contractors, but any contractor who lacked political ties was excluded." (citation modified)).)

On June 13, 2025, Kiner filed the Second Amended Complaint,[1] asserting claims against the County and ten John and Jane Does for alleged violations of 42 U.S.C. § 1983 and 18 U.S.C.

---

[1] R&R construes Kiner's improperly-filed Second Amended Complaint as operative, in the interest of judicial economy, because the subsequent complaints only added factual allegations, and because the basis of the Motion to Dismiss applies equally to all three complaints. (ECF No. 44 at PageID 1720.) Kiner filed the first Complaint on April 21, 2025. (ECF No. 2.) The First Amended Complaint was filed on June 2, 2025. (ECF No. 14).
On June 16, 2025, two events occurred: the Clerk docketed Kiner's Second Amended Complaint (which he did not obtain leave of court to file) and the County filed the Motion to Dismiss, directed at the First Amended Complaint. (ECF Nos. 16, 17.) Ten days later, the County filed the Motion to Strike the Second Amended Complaint, accurately recognizing that

§§ 1961–68 (the Racketeer Influenced and Corrupt Organizations Act, or "RICO"). (ECF No. 16 at PageID 855–58, 862–63.)

The County filed the Motion to Dismiss Plaintiff's First Amended Complaint on June 16, 2025. (ECF No. 17.) In the Motion, the County argues that Kiner lacks "standing to bring claims on behalf of" the Streets Foundation, because any harms suffered by the rejection of its bid were suffered by the organization, and not by Kiner personally. (ECF No. 17-1 at PageID 1309–11.) Therefore, the County asserts that Kiner has not suffered a cognizable injury supporting an Article III case or controversy, and, thus, this Court lacks subject-matter jurisdiction. (Id. at PageID 1311–12.) The Motion also argues several other reasons why the Second Amended Complaint fails, ranging from Kiner's failure to state a claim for which relief can be granted, to the County's immunity from RICO liability. (See id. at PageID 1313–19.)

Kiner did not respond to the Motion to Dismiss, but several other motions, responses, and filings of his (often titled as "requests" and "notices") followed, between June 2025 and January 2026. (See, e.g., ECF Nos. 20, 21, 24–31, 34–35, 37–38.)

The R&R was filed on January 27, 2026. (ECF No. 44.) It recommends granting the County's Motion to Dismiss, dismissing Kiner's complaint for lack of standing, and denying Kiner's motions for injunctive relief. (Id. at PageID 1727.)

## II.     THE R&R

A federal magistrate judge may submit to a district judge proposed findings of fact and recommendations for dismissal of a complaint for lack of jurisdiction. 28 U.S.C. § 636(b)(1)(B). "Within [fourteen] days after being served with a copy of the recommended disposition, a party

---

the Second Amended Complaint violates Rule 15(a). (ECF No. 19.) For the same reasons stated in the R&R, the Court considers the Second Amended Complaint as operative herein.

3

may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The R&R's proposed findings of fact are stated above and accurately reflect the allegations from the Second Amended Complaint. (ECF No. 44 at PageID 1719–21.) As for its conclusions of law, the R&R recommends granting the County's Motion to Dismiss because Kiner has failed to establish Article III standing, dismissing the action in whole, and denying Kiner's pending motions for injunctive relief.

First, as to the Motion to Dismiss, the R&R states that the "various iterations of the Complaint and Kiner's various subsequent notices and requests for injunctive relief make clear that the harms alleged do not belong to Kiner in his individual capacity." (ECF No. 44 at PageID 1725 (citations omitted).) Specifically, the R&R concludes that the bids that the Streets Foundation and DOZ lost are organizational injuries that are not distinct from Kiner's personal injuries of economic harm, emotional distress, reputational harm, and loss of public trust. (Id. at PageID 1726.) The R&R further concludes that Kiner's absence of non-organizational injury is heightened "by the fact that much of the relief [he] seeks would unwind and reallocate the grant awarded by the County's Racial Equity Ad Hoc Committee that the Streets Foundation lost and by the County's Community Violence Intervention and Prevention Services Committee that DOZ lost, rather than result in compensation to Kiner personally." (Id. (citations omitted).)

The R&R also concludes that Kiner cannot "prosecute claims on behalf of the organizations in his own name," as an owner, noting that he is not an attorney. (Id. at PageID 1727 (citing Thomas v. Better Bus. Bureau, 79 F. App'x 748, 748 (6th Cir. 2003).) Thus, the

4

R&R recommends "that Kiner's motions for injunctive relief (ECF Nos. 15, 39, 40) be denied, that the County's Motion to Dismiss (ECF No. 17) be granted, and that this case be dismissed in its entirety." (Id.) Finally, given these recommendations, the R&R denies the County's Motion to Strike the Second Amended Complaint (ECF No. 19) and the Motion to Stay (ECF No. 33) as moot. (Id.)

### III.    ANALYSIS

Kiner objects to several conclusions of law in the R&R on an array of grounds. Among Kiner's often overlapping arguments, he objects to (1) the R&R's standing analysis recommending that the Motion to Dismiss be granted; (2) the conclusion that Kiner alleges a generalized grievance; (3) the recommendation of dismissal without an adjudication of facts that Kiner gave the Court "judicial notice" of; and (4) not being given leave to further amend the complaint. (ECF No. 48 at PageID 1776, 1778, 1779–80, 1781.) These conclusions are reviewed de novo. The remaining conclusions are reviewed for clear error. The County did not object to the R&R or respond to Kiner's objections.

**A.    Standing, Subject-Matter Jurisdiction, and the County's Motion**

Kiner objects to the R&R's conclusion that he lacks standing, and, in turn, that the Court lacks subject-matter jurisdiction here.

For a court to adjudicate a claim, it must have subject-matter jurisdiction. Mitchell v. BMI Fed. Credit Union, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992)). One justiciability doctrine that goes to a court's subject-matter jurisdiction is standing. Peoples Rts. Org. v. City of Columbus, 152 F.3d 522, 527 (6th Cir. 1998). Standing is embedded in Article III of the United States Constitution: "without standing, a federal court cannot exercise jurisdiction because there is no case or controversy."

5

Mitchell, 374 F. Supp. 3d at 668 (citing Lujan, 504 U.S. at 560); see also U.S. Const. art. III, § 2, cl. 1. To have standing to bring a claim, a plaintiff must show (1) an injury to their "legally protected interest" that is "concrete and particularized" and "actual or imminent;" (2) a "causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 560 (quotations omitted). A plaintiff "bears the burden" of showing standing. Id. at 561 (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)).

A plaintiff's injury must be personal and discrete. Allen v. Wright, 468 U.S. 737, 751 (1984). Therefore, a plaintiff who is the owner or operator of a business does not have standing to sue "to redress injuries" to the business. Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 602–03 (6th Cir. 1988); Media Gen., Inc. v. Tanner, 625 F. Supp. 237, 244 (W.D. Tenn. 1985). And neither do courts consider a pro se plaintiff's personal disagreement with government action—a "generalized grievance"—to constitute an injury for Article III standing. Hollingsworth v. Perry, 570 U.S. 693, 706 (2013); Glennborough Homeowners Assoc. v. U.S. Postal Serv., 21 F.4th 410, 415 (6th Cir. 2021); cf. Kiner v. Shelby Cnty. Gov't, No. 24-cv-028644, 2025 WL 1927693, at *7–8 (W.D. Tenn. July 14, 2025).

A defendant can challenge standing through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Lyshe v. Levy, 854 F.3d 855, 857 (6th Cir. 2017). To survive such a motion to dismiss, a plaintiff must prove that they have standing by pleading "the elements of standing with specificity." Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc., 875 F. Supp. 2d 791, 796 (W.D. Tenn. 2012) (citing Coal Operators, 291 F.3d at 916)). Rule 12(b)(1) motions are either facial, which "test[] the sufficiency of the pleading," or factual, "which contest[] the factual predicate for jurisdiction." Am. Freedom Law Ctr., Inc. v. Nessel,

6

No. 19-cv-153, 2020 U.S. Dist. LEXIS 60622, at *9 (W.D. Mich. Jan. 15, 2020) (citing RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996)). When considering facial challenges to standing, a court considers all the complaint's allegations as true. DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).

Although pro se complaints are construed more liberally than filings drafted by lawyers, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Wallace v. Brown, No. 17-cv-02269, 2020 U.S. Dist. LEXIS 130373, at *8–11 (W.D. Tenn. July 23, 2020), a court "is not required to develop legal theories and arguments" for pro se plaintiffs. Cunningham v. Enagic USA, Inc., NO. 15-0847, 2016 U.S. Dist. LEXIS 133406, at *4 (M.D. Tenn. Sep. 28, 2016) (citing Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 406 (6th Cir. 1992)).

Kiner argues that the R&R commits a structural error by treating his "injuries as belonging solely to DOZ / the Streets Foundation." (ECF No. 48 at PageID 1778.) He contends that his "subsequent filings" show that he "was targeted and harmed," harms which include "reputational injury, humiliation, and deprivation of fair access to government processes." (Id.)

However, the County's Motion to Dismiss is **GRANTED**, because Kiner lacks standing to bring claims on behalf of the Streets Foundation and DOZ. The only injuries alleged in the Second Amended Complaint are the denials of contracting bids to the Streets Foundation and DOZ, which harmed those organizations, not Kiner. (See ECF No. 16 at PageID 876–84.) See also Kiner, 2025 WL 1927693, at *7 (stating that an organization owner's injuries must be "separate and distinct" from their organization). Kiner's claims are thus infirm because his complaint is brought in his own name and the injuries he alleges are not personal or individual to him; instead, they were allegedly suffered by his organizations. True, he may have suffered reputational harm, humiliation, or deprivation of access to County Committee proceedings,

7

which flowed to him from the Streets Foundation's and DOZ's harms. But, again, this Court and others have held that those kinds of personal harms are coextensive with the organizational injuries they derive from. See Club Xtreme, Inc. v. City of Wayne, No. 07–15308, 2010 WL 1626415, at *5 (E.D. Mich. Apr. 21, 2010) (citing Canderm Pharmacal, Ltd., 862 F.2d at 603)).

In addition, Kiner is not a licensed attorney. Therefore, he cannot represent his organizations' interests here, even though he may own or operate them. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) ("[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.") (citing 28 U.S.C. § 1654).

Upon a review of the record and Kiner's objections, he asserts the Street's Foundation's and DOZ's injuries. His conclusory assertions otherwise, namely that he suffered personal harms stemming from the bid rejections, do not create standing. For these reasons, Kiner lacks an injury for standing purposes, and his action is not a "case or controversy" under Article III of the Constitution. Thomas, 79 F. App'x at 748. Thus, the R&R is **ADOPTED** as to this issue, and the County's Motion to Dismiss is **GRANTED** on Rule 12(b)(1) grounds.

**B.    Kiner's Alleged Injury as a Generalized Grievance**

Kiner also argues that the R&R erred in concluding that his alleged injury is a generalized grievance, and asserts that Judge Christoff engaged in "Improper Pleading-Stage Fact Weighing." (ECF No. 48 at PageID 1780.) As an initial matter, the fact that Kiner asserts a "generalized grievance" is reinforced by the discussion above and his argument is not well-taken—his claims are predicated on his personal disagreement with the County Committees'

choice of allocating bids, which is insufficient to state his own injury.  (See ECF No. 16 at PageID 876–84 (listing claims based on opportunities that the organizations, not Kiner, were denied by the Committees)).  See also Birchfield v. Tennessee, No. 23-CV-252, 2023 WL 5978203, at *2 (E.D. Tenn. Aug. 28, 2023) (citing Reynolds v. Talberg, No. 18-cv-69, 2020 WL 6375396, at *2 (W.D. Mich. Oct. 30, 2020)).

Further, Kiner appears to confuse the R&R's analysis of his alleged injury with a decision on the merits.  The R&R did not "demand evidentiary proof at the pleading stage," as Kiner asserts.  (ECF No. 48 at PageID 1780.)  Rather, the R&R followed the proper legal standard for a facial Rule 12(b)(1) challenge, and construed all of the factual allegations in all of the complaints in Kiner's favor.  See (ECF No. 44 at PageID 1725–26 (construing the allegations of the Second Amended Complaint as true, and describing the Streets Foundation's and DOZ's harms as "injuries")).  See also Carrier Corp. v. Outokumpu Oyj, 673 F.3d 430, 440 (6th Cir. 2012).  In reality, the R&R was more than generous in wholly considering the allegations of Kiner's Second Amended Complaint, a complaint filed without approval in violation of Federal Rule of Civil Procedure 15(a).  (See ECF No. 44 at PageID 1720 (considering the Second Amended Complaint as operative to further efficiency and judicial economy).)

Nor did the R&R weigh evidence or meander into the substance underlying Kiner's six claims.  When faced with challenges under both Rules 12(b)(1) and 12(b)(6), courts are "bound to consider" the jurisdictional challenge first, "since the Rule 12(b)(6) challenge becomes moot" if a court lacks subject matter jurisdiction.  Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).  The R&R analyzes Kiner's allegations in accordance with this rule, determining that the Court lacks jurisdiction to adjudicate the substantive issues.  The R&R

contains no finding that Kiner's evidence failed on the merits, which, frankly, is irrelevant at the Rule 12(b)(1) stage. Therefore, Kiner's objection as to this aspect of the R&R fails.

**C.      Dismissal Without Adjudicating Facts in Record Filings**

Kiner also objects to the R&R to the extent that it recommends dismissal "for lack of standing without adjudicating the legal consequences" of "record submissions" in the docket. (ECF No. 48 at PageID 1775.)

As stated above, when faced with Rule 12(b)(1) and Rule 12(b)(6) challenges, courts "first consider the subject-matter jurisdiction issue before considering "the substantive merits of a pleading." Memphis Ctr. for Indep. Living v. Woodglen Vill. Apts. P'ship, No. 09-2121, 2010 U.S. Dist. LEXIS 1492, at *8 (W.D. Tenn. Jan. 7, 2010). In other words, a court's decision about its subject-matter jurisdiction does not require an inquiry into whether the plaintiff's claims plausibly satisfy Rule 8. As for the filings that a court may consider when ruling on a Rule 12(b)(1) motion, the starting point is the complaint, but a court has discretion to "look beyond the jurisdictional allegations in the complaint and consider whatever evidence is submitted." Humphrey v. United States AG Office, 279 F. App'x 328, 331 (6th Cir. 2008) (citing Gentek Bldg. Prods. v. Sherwin-Williams Co., 491 F.3d 320, 330 (6th Cir. 2007)).

Although he does not specify which "adjudicative facts matter" regarding his standing, Kiner appears to argue that docket filings at ECF Nos. 21–32, 34, and 37–42 show that he "expressly assert[s] individualized constitutional injur[ies]." (ECF No. 48 at PageID 1775.) He appears to object to the R&R's failure to discuss the substance of his claims in as much depth as he desires.[2]

---

[2] The Court notes, however, that this contention contradicts Kiner's other argument that the R&R improperly weighed evidence. (ECF No. 48 at PageID 1780.)

Kiner's argument that the R&R should have "adjudicated" facts in the record before recommending dismissal fails. The Court need not rummage through Kiner's more than twenty post-amendment filings to determine whether his alleged injuries confer standing upon him. For purposes of the County's Motion, it is not an issue, as Kiner implies, whether the injuries suffered by his two organizations actually occurred. The threshold question here is standing, given the Rule 12(b)(1) challenge. Courts have discretion to extend their inquiry beyond the pleadings when determining standing. See Farmer v. Tenn. Air Nat'l Guard, No. 04-02574, 2005 U.S. Dist. LEXIS 38704, at *3 (W.D. Tenn. Dec. 15, 2005). But, by arguing that the Court must consider all of his post-amendment filings to determine standing, Kiner's assertion fails in two ways: he implies that a court must rifle through the entire record to rule on 12(b)(1) motions, and he improperly seeks to shift the burden of proving jurisdiction onto this Court. Cf. Emerson v. Novartis Pharms. Corp., 446 F. App'x 733, 736 (6th Cir. 2011) ("Judges are not like pigs, hunting for truffles that might be buried in the record." (citation modified)). If there exists a factual allegation in the record that establishes Kiner's standing, only he bears the burden of pointing it out. He did not carry that burden in his Objection or his various other filings.

Even if the Court engaged in some "hunting" and looked beyond the Second Amended Complaint, that exercise confirms that Kiner's supplemental filings also only relate to organizational harms. For instance, the Request for Judicial Notice of Official Procurement Records alleges that DOZ bid a lower-cost contract than The Women's Advisory Center, and "achieved a higher final evaluation ranking." (ECF No. 24 at PageID 1361–62.) Further, the Request for Judicial Notice of Official Government Records Demonstrating Theft of $1.1 Million Daughters of Zion Contract argues that DOZ's contract was "unlawfully" stolen and "allocated to lower-scoring bidders." (ECF No. 29 at PageID 1426.) Moreover, the Notice of

11

Filing of Appellate Judicial Notice Regarding Systemic Procedural Disparity, Institutional Entanglements, and Appearance-of-Justice Concerns, alleges that Kiner has been treated differently in different complaints he has filed in this District. (ECF No. 41 at PageID 1702–03.) The fact that DOZ bid a cheaper contract and was ranked higher than a competing organization who won its bid is DOZ's injury, not Kiner's. And, even if Kiner suffered differential treatment from the Court after this action was filed, that does not suddenly confer standing to him because it was not ongoing, imminent, or alleged at the time the Second Amended Complaint was filed. See Sullivan v. Benningfield, 920 F.3d 401, 409 (6th Cir. 2019); see also Wilcoxson v. Principal Life Ins. Co., NO. 23-CV-00111, 2024 U.S. Dist. LEXIS 74575, at *3 (W.D. Ky. Apr. 24, 2024) ("The standing requirement must be met at the time of filing and throughout a lawsuit.") (citing Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc., 528 U.S. 167, 189 (2000)). For these reasons, the R&R's refusal to "adjudicate" facts in the record was not error.

**D.     Leave to Further Amend**

Finally, Kiner objects to the R&R's recommendation of dismissal "without granting leave to amend." (ECF No. 48 at PageID 1776.) He argues that the R&R erred by not granting him further leave to amend his complaint, and references the Request for Judicial Notice of Controlling Precedent Mandating Leave to Amend Civil Rights Complaints Under Rule 15(a)(2) (Id. (citing ECF No. 37). He asserts that the authorities he cited at ECF No. 37 establish that he must be given leave to amend the Complaint for a third time because he has a "civil-rights" claim. (Id. at PageID 1776–77; ECF No. 37 at PageID 1611.)

True, Federal Rule 15(a)(2) states that amendment should be "freely" permitted "when justice so requires." Fed. R. Civ. P. 15(a)(2); Tucker v. Middleburg-Legacy Place, LLC, 539 F.3d 545, 551 (6th Cir. 2008). However, the "freely given" language does not entitle litigants to

12

a free-for-all, and "the right to amend is not absolute or automatic." Tucker, 539 F.3d at 551. Furthermore, "[t]here is currently no rule of law in this [C]ircuit that requires a district court, sua sponte, to give a pro se plaintiff leave to amend [their] complaint absent a request." See Deryke v. Carson City Corr. Health Care, No. 22-1792, 2023 U.S. App. LEXIS 6205, at *3 (6th Cir. Mar. 15, 2023) (citation modified) (quoting Brown v. Mautaszak, 415 F. App'x 608, 615–16 (6th Cir. 2011)).

Sixth Circuit law is clear: Kiner was not automatically entitled to further amend his Complaint simply because the R&R was filed or because it recommends granting the County's Motion. What is more, Kiner did not file a motion seeking leave to amend at any point after the Second Amended Complaint. Therefore, the R&R did not err as to this issue.

Having reviewed de novo the portions of the R&R to which Kiner objects, and discerning no error, the R&R is **ADOPTED** as to the four conclusions stated above, and the Motion to Dismiss is **GRANTED**.

E.   **Pending Motions**

The R&R also recommends that Kiner's motions for injunctive relief (ECF Nos. 15, 39, 40) be denied. (ECF No. 44 at PageID 1727.) Because Kiner did not object to this recommendation, the Court reviews it for clear error. Discerning no clear error in the recommendation, the Court **ADOPTS** the R&R, and **DENIES** the pending motions for injunctive relief.

The question of whether dismissal is with prejudice remains. Generally, dismissal under Federal Rule 12(b)(6) is "on the merits," and, therefore, presumed to be with prejudice unless stated otherwise. See Miller v. Collins, No. 23-3191, 2023 U.S. App. LEXIS 29681, at *12 (6th Cir. Nov. 6, 2023) (quoting Pratt v. Ventas, Inc., 365 F.3d 514, 522 (6th Cir. 2004)). Whether

13

dismissal is with prejudice is in a court's discretion, especially in cases with pro se plaintiffs. See Craighead v. E.F. Hutton & Co., 899 F.2d 485, 495 (6th Cir. 1990) (describing dismissal with prejudice as a "harsh sanction"); Brown, 415 F. App'x at 614–615 (stating that dismissal without prejudice is preferable when a complaint's deficiencies likely arise from a pro se litigant's lack of legal training). Kiner is pro se and may allege a set of facts that could state a claim against the County despite his present lack of standing. Thus, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

## IV.     CONCLUSION

Having reviewed de novo the conclusions of the R&R to which Kiner objects, and having reviewed for clear error the remainder of the R&R, and discerning none, the Court **ADOPTS** the R&R. (ECF No. 44.) For the reasons set out above, the County's Motion to Dismiss (ECF No. 17) is **GRANTED** and Kiner's action is **DISMISSED WITHOUT PREJUDICE**. The pending motions for injunctive relief (ECF Nos. 15, 39, 40) are **DENIED**.

**IT IS SO ORDERED**, this 23rd day of February, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE